MERRITT, Circuit Judge,
dissenting.
The mathematical percentage estimated for “substantial assistance” almost five years ago at the original senténcing is not a scientific fact, just a guess or speculation, and a new reduction upon resentenc-ing that is “comparably less” (using the Guideline language) does not forbid a new sentence which takes into account such intangible factors as defendant’s additional assistance after the original sentence, her rehabilitation, as well as collateral damage to her family and other similar factors. It does not forbid a reassessment of what has happened in the last five years. Both the prosecutor and the defendant agreed that the sentence should not be limited to a nineteen percent reduction but have agreed to a thirty-three percent reduction, and there is no indication that Judge Jordan in the court below would not agree that this would be a more just sentence. He thought only that the law did not give him the authority to impose the lower sentence.
I agree with Judge Gibbons’ view that we are not bound by the old sentence, that Kimberly Taylor’s appeal “raises a novel question,” and that “the Sentencing Guidelines do not specifically address whether a non-assistance reduction may be combined with a substantial assistance reduction” during resentencing. Therefore, I do not see why we must continue to take away from the sentencing judge the authority to use his or her best judgment in determining the sentence. For these reasons and also for the policy reasons stated by Justice Stevens in his dissenting opinion in Dillon v. United States, 560 U.S. 817, 130 S.Ct. 2683, 2694-2705, 177 L.Ed.2d 271 (2010), I would remand to the district court for resentencing with the instruction that the district court is not bound by the nineteen percent reduction used years ago. Times change. The law has changed. Our culture is changing its views about how long we should put people behind bars. There is ho good reason I can see that we should not allow the district judge to use his best judgment here and err on the side of mercy while at the same time reducing the government’s costs of incarceration.